IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **JOE RAINERO TILE CO., INCORPORATED d/b/a PERMATILE CONCRETE PRODUCTS COMPANY,** | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:17CV00053 |
| v. | ) ) | **OPINION AND ORDER** |
| **YOUNG AND McQUEEN GRADING COMPANY, INC.,** | ) ) ) ) | By: James P. Jones United States District Judge |
| Defendant. | ) ) | |

*M. Shaun Lundy, Penn Stuart & Eskridge, Bristol, Tennessee, for Plaintiff; Joshua C. Johnson and James J. O'Keeffe, IV, Johnson, Rosen & O'Keeffe, LLC, Roanoke, Virginia, for Defendant.*

In this civil action, in which the subject-matter jurisdiction of this court is based upon diversity of citizenship and amount in controversy, 28 U.S.C. § 1332(a), the defendant has moved to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer the case to the adjoining Western District of North Carolina. After briefing by the parties, I will deny the motion.[1]

---

[1] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process. The defendant briefed its motion and submitted affidavits of witnesses. The plaintiff filed a responsive brief in opposition to the motion, together with its own witness affidavit. While the defendant had the opportunity to file a reply under the court's Local Rules, it did not.

I.

The material facts are not in dispute. The plaintiff, Joe Rainero Tile Co., Incorporated, doing business as Permatile Concrete Products Company ("Permatile"), is a Virginia corporation located in Washington County, Virginia. In 2017, The North Carolina Department of Transportation ("NCDOT") sponsored a bridge project in Yancey County, North Carolina. Permatile sent a quote to provide the design and manufacture of precast concrete culvert sections for the project to various general contractors who were bidding on the project, including the defendant Young and McQueen Grading Company, Inc. ("Y&M"). Y&M is a North Carolina licensed general contractor, located in Burnsville, North Carolina. It is not licensed to do business in Virginia and has no property or work there.

Y&M received the award for the NCDOT project and contacted Permatile about its quote. Y&M and Permatile had never worked together before. A representative of Permatile came to Y&M's offices to discuss the project. Following discussions between the parties, including by email and telephone, Y&M chose Permatile as its subcontractor, and electronically sent a purchase order to Permatile in Virginia. The purchase order recited the services and material to be provided by Permatile for a payment by Y&M of $85,031.34, the same amount as contained in Permatile's original general quote. A representative of Permatile then

sent an email to Y&M stating, "[T]hank you for your order." Br. Supp. Mot. Ex. B, Icenhower Aff. ¶ 13, ECF No. 7-2.[2]

NCDOT rejected the initial draft design prepared by Permatile but eventually accepted Permatile's design and Permatile manufactured the materials in Virginia and delivered them to the project site in North Carolina. Permatile invoiced Y&M for the purchase price, which Y&M refused to pay. While there were communications between the parties during the performance of the contract, Y&M never physically visited Permatile's facilities in Virginia.

In its action, Permatile claims a breach of contract for Y&M's failure to pay the invoice, despite its acceptance of the designed material. Y&M contends that Permatile was unreasonably late in furnishing an acceptable design to NCDOT and Y&M accordingly incurred liquidated damages on the project, justifying its refusal to pay Permatile.

II.

"When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction . . . ." *Mylan Labs., Inc. v. Akzo, N.V.,* 2 F.3d 56, 59-60 (4th Cir. 1993). Where, as here, the court addresses this question in a pretrial

---

[2] While the affidavit in question recites that a copy of the email is attached, it is not. However, Permatile does not contest the email.

motion "by reviewing only the parties' motion papers, affidavits attached to the motion, supporting legal memoranda, and the allegations in the complaint, a plaintiff need only make a *prima facie* showing of personal jurisdiction to survive the jurisdictional challenge." *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016).

The defendant in this case was served with process pursuant to Virginia's long-arm statute, Va. Code Ann. § 8.01-328.1(A)(1).[3] That statute extends personal jurisdiction to the extent permissible under the Due Process Clause of the Constitution. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). The ultimate issue thus is whether exercise of jurisdiction over the defendant comports with due process. *See Christian Sci. Bd. of Dirs. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001)

Jurisdiction over a non-resident may be based upon the exercise of either "specific" or "general" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). Specific jurisdiction is appropriate "when a

---

[3] Y&M asserts that Permatile's failure to plead in its Complaint the basis for personal jurisdiction over Y&M by citing the pertinent subsection of the Virginia long-arm statue is a ground for dismissal. I disagree. Rule 8 requires an allegation of the court's jurisdiction, but that refers to subject-matter jurisdiction and not personal jurisdiction over the defendant. *See Caribbean Broad. Sys., Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998).

controversy is related to or 'arises out of' a defendant's contact with the forum." *Id*. at 414. Permatile relies upon the doctrine of specific jurisdiction.

The Fourth Circuit adheres to a three-prong test for specific personal jurisdiction, requiring a court to consider: "(1) the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (citation omitted). This is not a bright-line test, and the court must "do more than formulaically count contacts, instead taking into account the qualitative nature of each of the defendant's connections to the forum state." *Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012). Accordingly, "a single act by a defendant can be sufficient to satisfy the necessary 'quality and nature' of such minimal contacts, although 'casual' or 'isolated' contacts are insufficient to trigger such an obligation [to litigate in the forum]". *CFA Inst. v. Inst. of Chartered Fin. Analysts of India,* 551 F.3d 285, 293 (4th Cir. 2009) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317-18 (1945)).

Based on the record, I find that Permatile has made a prima facie showing of the court's personal jurisdiction over Y&M. Y&M purposely availed itself of the

privilege of conducting activities in Virginia by choosing Permatile as its subcontractor, knowing that the performance of the subcontract by Permatile would be substantially performed in Virginia. It communicated with Permatile concerning and during the performance of the contract by telephone and emails directed to Virginia. While the material designed and manufactured in Virginia was delivered in North Carolina, Y&M's contacts with Virginia "were not unique or insignificant and [Permatile] is not attempting to manufacture jurisdiction based upon its unilateral activity." *Cancun Adventure Tours, Inc. v. Underwater Designer Co.*, 862 F.2d 1044, 1047 (4th Cir. 1988).

In addition, the essential dispute between the parties appears to resolve into whether Permatile properly designed the material in a timely fashion, which design took place in Virginia. Accordingly, Permatile's lawsuit clearly arises out of activities directed at the forum state.

Finally, personal jurisdiction here would be constitutionally reasonable. In determining this question, I may consider

> (1) the burden on the defendant of litigating in the forum; (2) the interest of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the shared interest of the states in obtaining efficient resolution of disputes; and (5) the interests of the states in furthering substantive social policies.

*Consulting Eng'rs Corp.*, 561 F.3d at 279. All of these factors support personal jurisdiction over Y&M. For example, I may take judicial notice that the distance

between the location of this court and Y&M's offices in North Carolina is relatively insignificant and will pose little burden on Y&M.

II.

As an alternative to its Motion to Dismiss, the defendant seeks a transfer of the case to the Western District of North Carolina, where its offices are located, pursuant to 28 U.S.C. § 1404(a)

Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This section "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks and citation omitted). The movant bears "a heavy burden of showing that the balance of interests weighs strongly in [its] favor in a motion to transfer." *Arabian v. Bowen*, No. 91-1720, 1992 WL 154026, at *1 (4th Cir. July 7, 1992) (unpublished) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). In deciding a motion to transfer, the court should consider the plaintiff's choice of venue, convenience to the witnesses and parties, and the interest of justice. *Alpharma, Inc. v. Purdue Pharma L.P.*, 634 F. Supp. 2d 626, 632-33 (W.D. Va. 2009).

A plaintiff's choice of forum deserves substantial weight, except when "'(1) the plaintiff chooses a foreign forum, and (2) the chosen venue has little connection to the cause of action.'" *Id*. at 633 (quoting *Gen. Creation LLC v. LeapFrog Enters., Inc.*, 192 F. Supp. 2d 503, 504-05 (W.D. Va. 2002)). When the plaintiff has chosen to file suit in its home forum, the defendant must demonstrate that the choice is overwhelmingly inconvenient in order to satisfy its burden of showing transfer to be proper. *Gen. Creation LLC*, 192 F. Supp. 2d at 504-05. "[A] district court is required to weigh the factors involved and '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Collins v. Straight, Inc.*, 748 F.2d 916, 921 (4th Cir. 1983) (quoting *Gulf Oil*, 330 U.S. at 508).

There has been no showing of substantial inconvenience to the defendant to litigate the matter here. In addition, the focus of the relevant inquiries in the case will likely be on Permatile's design activities in this district, further supporting this venue.

III.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss or Transfer (ECF No. 6) is DENIED.

ENTER: March 26, 2018

/s/ James P. Jones
United States District Judge